(No. 15893.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. SANFORD ROSENBAUM, Plaintiff in Error.

*Opinion filed April 14, 1924—Rehearing denied June 6, 1924.*

1. CRIMINAL LAW—*what constitutes the confidence game.* The confidence game consists in gaining possession of money or property by some trick or device or any swindling operation by which advantage is taken of the confidence which the victim has reposed in the swindler.

2. SAME—*when evidence is sufficient for giving of instruction defining confidence game.* Evidence that the defendant secured the confidence of his victim by falsely representing that he could have her brother's punishment for a criminal offense mitigated by using his influence with a certain alderman and the judge, and that he obtained money from her for that alleged purpose, is sufficient basis for an instruction defining the confidence game.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding.

HALTON L. NICHOLS, (THOMAS E. SWANSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, and VIRGIL L. BLANDING, (EDWARD E. WILSON, and CLYDE C. FISHER, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Plaintiff in error, Sanford Rosenbaum, otherwise called Gimp Rosenbaum, was convicted in the criminal court of Cook county on an indictment containing two counts charging him with obtaining from Maude Olson $120. In one count it was alleged that he obtained the money by means of the confidence game, and in the other that it was obtained

by false pretenses.   He was sentenced to the penitentiary, and the record is brought here by writ of error.

Alvin Bergman was indicted in the criminal court of Cook county for robbery when armed with a deadly weapon and by agreement with the State's attorney pleaded guilty to grand larceny.   He was sentenced to the State reformatory at Pontiac and granted a stay of thirty days.   Plaintiff in error, Sanford Rosenbaum, was a sort of a hanger-on around the court and claimed to have some personal influence with the judges.   Bergman's sister, Maude Olson, was informed that something might be done in behalf of her brother if someone could interest the judge.   She was informed that Rosenbaum could do something through influence with the judge, and she went to the city hall building to see him.   She did not know Rosenbaum and had a bailiff call him out.   She asked him if he could help her brother out; that he had got from one to ten years.   He asked her what judge he was brought before, and she told him Judge Caverly, and he said: "Well, I will be fixed fine in that case; I am a good friend of Hinky Dink."   He said he would take the case up with Hinky Dink and she should meet him at the city hall building at four o'clock.   She told him she would be unable to come but arranged for him to call her up by telephone.   He called her up in the evening and said everything looked fine; that he was having lunch with Hinky Dink, his personal friend, and Hinky Dink said everything looked fine but she should not get too joyful over it, and he would let her know in the morning.   He called her the next morning and told her everything was fixed; that his friend Hinky Dink saw the judge and said everything was fixed fine and it would take $120 to cover the deal.   She had a savings account in the Peoples Stock Yard Bank and drew out her savings and gave the money to Rosenbaum on January 20, 1923.   He then said he was going to have a little party between Hinky Dink, Judge Caverly and himself and he would be introduced to Judge

Caverly through Hinky Dink, and they were going to have a liquor party,—a case of booze,—and he was going to get her brother either one year in the house of correction or probation. On February 6, 1923, she met Rosenbaum in Judge Hebel's court, and he told her that prosecutor Smith was absent and he was unable to do anything for her that day, and that he was double-crossed and would have to return her money. He called her up by telephone that night and said that he had been double-crossed and would show up the people who had double-crossed him and would give her her money. Michael Kenna, an alderman of the city of Chicago, is called "Hinky Dink," and Mrs. Olson went to see him. She then saw Judge Caverly, who also talked with alderman Kenna and then took Mrs. Olson before the grand jury, and Rosenbaum was indicted. Every statement of Rosenbaum relating in any manner to Judge Caverly or alderman Kenna or a booze party was false.

The argument for plaintiff in error is under two heads: First, that the crime was obtaining money by false pretenses; and second, that the court gave the jury section 98 of division I of the Criminal Code, defining the confidence game.

There was no denial of the facts above stated and they constituted the offense of the confidence game, which consists in gaining possession of money or property by some trick or device or any swindling operation by which advantage is taken of the confidence which the victim has reposed in the swindler. *Hughes* v. *People,* 223 Ill. 417; *Chilson* v. *People,* 224 id. 535; *People* v. *Depew,* 237 id. 574; *People* v. *Ullrich,* 299 id. 250; *People* v. *Peers,* 307 id. 539.

The objection to the instruction is that there was no evidence on which to base it, and the facts stated show that the objection is without any reasonable foundation. Plaintiff in error obtained the confidence of Mrs. Olson by false representations that he would be fixed fine in the case; that he was a good friend of Hinky Dink, and afterward that

everything was fixed; that Hinky Dink had seen the judge and everything was fixed fine; that he was going to have a little party between Hinky Dink, Judge Caverly and himself and would secure imprisonment in the house of correction or admission to probation. It was because of that confidence that she gave him $120. His preference that he should be treated by the criminal law merely as a liar, whose falsehoods did not inspire confidence, cannot be indulged, but he must bear the added infamy of obtaining the money from the savings of a poor woman by means of the confidence game.

The judgment is affirmed.   *Judgment affirmed.*